**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HENRY GARAJALES-EL,**<br>*Plaintiff, pro se,*<br><br>**v.**<br><br>**AMAZON LOGISTICS, INC.,**<br>*Defendant.* | :<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION**<br><br>**NO. 22-3455** |

NITZA I. QUIÑONES ALEJANDRO NOVEMBER 19, 2026

# MEMORANDUM OPINION

## INTRODUCTION

Plaintiff Henry Garajales-El, ("Plaintiff"), a *pro se* litigant, commenced this action in state court against Amazon Logistics, Inc.,[1] ("Defendant"), who at the relevant time was a customer of Plaintiff's employer TAC Delivery Service, LLC, ("TACD"), a package delivery company. On August 29, 2022, Defendant filed a Notice of Removal to this Court, (ECF 1), and on September 6, 2022, moved to compel arbitration pursuant to an arbitration agreement within Plaintiff's employment contract with TACD, (ECF 4).

On September 27, 2022, Plaintiff filed an amended complaint against Defendant asserting a defamation claim which led to Plaintiff's wrongful termination at TACD. (ECF 6). Specifically, in the amended complaint, Plaintiff averred that Defendant wrongly accused him of committing safety violations, which caused TACD to take disciplinary action against him. (*Id.*). On October 4, 2022, Defendant filed an amended motion to compel arbitration. (ECF 9). By Order dated October 2, 2023, the Honorable R. Barclay Surrick, then assigned this case, granted the motion,

[1] Plaintiff incorrectly names Amazon Prime as the defendant in the state court complaint. Amazon Prime is a membership program, not an incorporated business entity. Instead, Amazon Logistics, Inc. is the proper-party Defendant. (*See* ECF 4-1, at 1 n.1).

finding that Plaintiff's arbitration agreement with TACD extended to TACD's customers (including Defendant); finding the agreement was enforceable in the instant dispute pursuant to the Federal Arbitration Act, ("FAA"), 9 U.S.C. § 1, *et seq*; and dismissed the case. (ECF 12). Plaintiff appealed. (ECF 13, 14).

On September 20, 2024, the United States Court of Appeals for the Third Circuit, ("Third Circuit"), vacated the October 23, 2023 Order and remanded the case with specific instructions to correctly determine the arbitrability of this dispute. (ECF 16). Specifically, the Third Circuit held that "if arbitrability is not apparent on the face of the complaint or documents relied upon therein, the motion to compel must be denied pending limited discovery on the issue." (*Id.* at 4). The Third Circuit found that Plaintiff had made no reference to his employment contract's arbitration provision in the complaint, nor had he attached his employment contract's arbitration agreement as an exhibit. (*Id.* at 5). The Third Circuit further found that under the applicable standard of Federal Rule of Civil Procedure, ("Rule"), 12(b)(6), the district court was not permitted to rely on a document submitted as an exhibit to the motion to compel arbitration and, therefore, erred in granting Defendant's motion to dismiss. (*Id.*).

Upon remand, Judge Surrick ordered the parties to meet and confer regarding the arbitrability of Plaintiff's claims under the FAA and/or Pennsylvania law, and to provide a joint status report on the discovery, if any, needed to guide the Court's determination of the arbitrability issue. (ECF 17, 19). On March 10, 2025, the parties conferred and Plaintiff later declined to submit a joint status report. (ECF 20-1). Accordingly, each party separately filed a status report on March 19 and 20, 2025. (ECF 20, 22). Within its status report, Defendant produced the arbitration agreement, (ECF 20-2), and argued that no further discovery was necessary based on the undisputed facts pertaining to Plaintiff's employment with TACD, (ECF 20). Plaintiff disputed

Defendant's characterization of the facts related to the arbitration agreement and argued that he never agreed to arbitration and requested, *inter alia*, an Order directing Defendant to produce an authenticated copy of the arbitration agreement bearing his Plaintiff's signature. (ECF 21). On April 15, 2025, Judge Surrick ordered limited discovery on whether Plaintiff had entered into a valid arbitration agreement and set a briefing schedule for Defendant's renewed motion to compel arbitration. (ECF 23).

On May 30, 2025, Defendant timely filed a renewed motion to compel arbitration, (ECF 24), to which Plaintiff filed a timely response in opposition, (ECF 25), and Defendant a timely reply. (ECF 27, 29). Thereafter, on July 15, 2025, Plaintiff filed a motion for sanctions, (ECF 30), and a motion to strike Defendant's renewed motion, (ECF 31). Defendant filed a response in opposition to both motions on July 29, 2025. (ECF 33).

By Order dated August 10, 2026, the matter was reassigned to the undersigning Judge. (ECF 36). By Order dated August 21, 2026, this Court granted Defendant's renewed motion to compel arbitration and denied Plaintiff's motions. (ECF 37-41).

Before this Court is Plaintiff's underlying motion for reconsideration, (ECF 43), of the three August 21, 2026 Orders which, to *wit*: (a) denied Plaintiff's motion to strike, (ECF 37), (b) granted Defendant's renewed motion to compel arbitration, (ECF 38), and (c) denied Plaintiff's motion for sanctions, (ECF 39), and Defendant's response in opposition, (ECF 44). In the alternative, Plaintiff also seeks certification of interlocutory appeal under 28 U.S.C. § 1292(b) and a stay of arbitration. (*Id.*).

**STANDARD OF REVIEW**

Generally, a motion for reconsideration is viewed "as the functional equivalent of a Rule 59(e) motion to alter or amend a judgment." *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352

(3d Cir. 1990) (internal quotation marks and citations omitted). The scope of review for a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Accordingly, a court should grant a motion for reconsideration only where the movant shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court" decided the motion at issue; "or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

**DISCUSSION**

***I. Plaintiff's Motion for Reconsideration***

In his motion for reconsideration, Plaintiff argues that this Court failed to apply the Third Circuit's instructions on remand, which Plaintiff frames as a clear error of law. Plaintiff is mistaken and, further, mischaracterizes the Third Circuit's instruction. Specifically, on September 20, 2024, the Third Circuit instructed, *inter alia*:

> [O]n remand, the District Court must determine whether [Plaintiff's] employment contract falls within scope of [9 U.S.C.] § 1. To do so, the court should proceed as follows: (1) consider, based on the face of the complaint and related documents alone, whether the FAA governs or whether § 1 applies; (2) if the answer to that question is "murky," consider whether the dispute must be arbitrated under Pennsylvania law; and (3) if Pennsylvania law does not compel arbitration, go back to the FAA for limited discovery.

(ECF 16, at 6 (citation omitted)).

As noted in the procedural history narrated above, on remand, Judge Surrick and this Court carefully considered that remand instructions. Judge Surrick ordered the parties to meet and confer; to submit status report on discovery and, as a result, Defendant produced Plaintiff's employment agreement which contained an arbitration provision. By Order dated August 21, 2026, this Court determined, in part, that under the summary judgment standard, *inter alia*:

> [E]ven drawing all inferences in Plaintiff's favor, his self-serving assertion that the document evidencing his acceptance of the Agreement is inauthentic because it lists his then non-existent email address is insufficient to defeat Defendant's motion. *See Muir v. Wetzel*, 2024 WL 1253625, at *5 (E.D. Pa. Mar. 21, 2024) (noting a plaintiff "cannot rest on his mere allegations but rather must present actual evidence creating a genuine issue as to a material fact" (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).
>
> Regardless, Defendant correctly argues that the Agreement's delegation provision, (*see* ECF 20-2 at p. 2) ("[t]he arbitrator must resolve . . . the arbitrability of claims. . ."), negates need for analysis as to whether Plaintiff's claims fall within its scope. *See Beture v. Samsung Elect. America, Inc.*, 2018 WL 4621586, at * 3 ("Since the arbitration provision clearly and unequivocally delegates the issue of arbitrability to the arbitrator, it is unnecessary for this Court to independently determine whether the dispute falls within the scope of the [arbitration agreement].").

(ECF 38, at 4) (alterations in original).

Plaintiff apparently invokes the reconsideration standard of *Max's Seafood* as a source of authority for this Court to reconsider its Order compelling arbitration. However, motions for reconsideration must be timely filed. Several procedural rules must be considered to determine whether the motion to reconsider is or is not timely filed.

Though Plaintiff does not refer to Local Rule of Civil Procedure 7.1(g), this Local Rule provides that motions for reconsideration — other than those filed pursuant to Rule 59(e) — "shall be served and filed within fourteen (14) days after the entry of the order concerned." Loc. R. Civ. P. 7.1(g). Motions to alter or amend judgment under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Notably, Rule 59(e) governs only motions to alter or amend *final* judgments, *see Pellicano v. Blue Cross Blue Shield Ass'n*, 540 F. App'x 95, 97 n.4 (3d Cir. 2013) (citations omitted), which the Order that Plaintiff challenges is not. Similarly, Rule 60(b) "applies only to 'final' judgments and orders," not to interlocutory decisions. *Bridges v. Colvin*, 136 F. Supp. 3d 620, 628 (E.D. Pa. 2015) (quoting *Torres v. Chater*, 125 F.3d 166, 168 (3d Cir. 1997)).

Here, the Order compelling arbitration in this matter was not a final judgment nor has any final judgment been entered in this matter and is, in fact, an unappealable interlocutory decision. *See SBRMCOA, LLC v. Bayside Resort, Inc.*, 596 F. App'x 83, 86 (3d Cir. 2014); *Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 268 (3d Cir.2004). Accordingly, neither the time-periods set forth in Rule 59(e) nor Rule 60(b) is applicable. Thus, this Court will consider Plaintiffs' motion for reconsideration pursuant to the Court's inherent power over interlocutory orders, governed by Rule 54(b) and Local Rule 7.1(g).

The Court need not reach the merits of Plaintiff's motion for reconsideration, however, because Plaintiff's motion is untimely. Rule 54(b) does not provide authority for a motion for reconsideration, but "speaks only to a district court's inherent authority to reconsider an interlocutory order . . . ." *Migliore v. Archie*, 2014 WL 2738222, at *3, n.5 (E.D. Pa. June 17, 2014). Notably, Rule 54(b) does not supersede the time limits imposed by Local Rule 7.1(g). *See id.* As noted, the Order granting the motion to compel arbitration was entered on August 21, 2026. Plaintiff filed his motion for reconsideration on September 8, 2026, three (3) days past the deadline imposed by Local Rule 7.1(g).[2] As such, Plaintiff's motion may be denied based on its untimeliness. *See Bridges*, 136 F. Supp. 3d at 629 (denying motion for reconsideration filed on fifteenth day as untimely under Local Rule 7.1(g)); *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 214 (3d Cir. 2000) (citation omitted) ("[I]t is not an abuse of discretion for a district court to impose a harsh result, such as dismissing a motion or an appeal, when a litigant fails to strictly comply with the terms of a local rule.").

---

[2] Plaintiff's deadline for the underlying motion was September 4, 2026. Notably, September 8, 2026, is eighteen (18) days after August 21, 2026. September 7, 2026, was Labor Day — a national holiday — but this day is not tolled under Rule 6, as holidays are only tolled when they fall concurrently with the day of the deadline. Thus, Plaintiff's motion is untimely by four (4) days.

The present circumstances do not warrant a departure from the timeliness requirements of Local Rule 7.1(g). "[A] district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *Eleven Vehicles*, 200 F.3d at 215. Although neither party has relied on the Local Rule, the Court finds no "sound rationale" for departing from the rule. Notably, while the Court acknowledges that Plaintiff is proceeding *pro se*, Plaintiff does not offer any reason for the delay in filing his motion, despite initially receiving notice of the need to follow all Local Rules. (*See* ECF 3, at 4). Because there is no reason to consider Plaintiff's motion to reconsider as timely filed, the motion is denied.

However, even if the Court were to entertain Plaintiff's motion, the Court finds that Plaintiff's motion does not meet the "extremely limited" scope of review. *Blystone*, 664 F.3d at 415. As noted, a motion for reconsideration may be used only to correct manifest errors of law or fact, to introduce newly discovered evidence, or to present an intervening change in law. *Id.* (citing *Howard Hess Dental Lab'ys, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)). Plaintiff has not shown any of these limited reasons for reconsideration. Instead, he has attempted to relitigate his earlier arguments, which the Court carefully considered and rejected.

Briefly, in his motion for reconsideration, Plaintiff challenges the August 21, 2026 Order on seven (7) grounds that this Court ; *to wit*: (1) failed to determine whether an enforceable arbitration agreement was formed under Pennsylvania law; (2) failed to rule on the question of contract formation, separate from any issues addressed through arbitration; (3) erroneously construed disputed evidence and reasonable inferences in favor of the moving party, in violation of Rule 56; (4) failed to provide Plaintiff a meaningful opportunity to test supplemented evidence, in violation of Rule 26(a); (5) erred in denying under Rule 12(f) Plaintiff's requests to prevent

reliance on evidence introduced after court-ordered limited discovery; (6) erred in deciding that there was no genuine dispute of material facts concerning formation of the arbitration agreement; and (7) failed to address Plaintiff's request for sanctions under 28 U.S.C. § 1927. (ECF 38, at 4-7). After considering these arguments, this Court finds that these contentions lack merit.

*a. Claims 1, 2, 3 and 6: Enforcement of the Arbitration Agreement*

Plaintiff's arguments, as set forth in claims 1, 2, 3, and 6, are construed as arguments against enforcement of the Agreement, and this Court will again address them collectively. As such, this Court must determine whether, based on the face of the complaint and related documents, a valid agreement to arbitrate exists under Pennsylvania law, or if Pennsylvania law does not compel arbitration, to "go back to the FAA for limited discovery." (ECF 16, at 6 (citation omitted)). In its August 21, 2026 Order granting Defendant's motion to compel arbitration, (*see* ECF 38), this Court "determine[d] that (1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of the agreement." *Young v. Experian Info. Sols.*, Inc., 119 F.4th 314, 318 (3d Cir. 2024) (citation modified); *see Adams v. Parts Dist. Xpress, Inc.*, 2021 WL 1088231, at *5 (E.D. Pa. Mar. 22, 2021) (applying the two-step test to determine whether to compel arbitration under Pennsylvania law). Notably, "[b]oth Pennsylvania and federal law impose a strong public policy in favor of enforcing arbitration agreements." *PennEnergy Res., LLC v. Winfield Res., LLC*, 294 A.3d 1205, 1214 (Pa. Super. Ct. 2023) (citation modified). Plaintiff again challenges the validity of the Mutual Agreement to Individually Arbitrate Disputes with TACD, (the "Agreement"), and attempts to discredit a declaration provided during discovery. (ECF 25, at 1). Specifically, Plaintiff argues that the declaration, which links his acceptance of the Agreement in 2019, to be falsified as evidenced by the proof of acceptance appearing next to an email address that he did not create until 2021. (*Id.*). Further Plaintiff does not deny accepting and entering into

the Agreement, which are the requisite elements of contract formation. (*See* ECF 29, at 7 (explaining that Plaintiff does not deny taking the requisite steps to enter into the Agreement — clicking on the "'I Agree and Accept' button" and accepting the terms and conditions). This Court accepted Defendant's explanation for the temporal discrepancy on the record and found the agreement to be valid and enforceable. (ECF 38). Accordingly, there are no disputed facts that bear on the parties' entitlement to compel or forego arbitration as a matter of law. Fed. R. Civ. P. 56(a); nor has an error of law been committed.

*b. Claims 4 and 5: Errors in Discovery*

In claims 4 and 5, Plaintiff appears to argue against the validity of the limited discovery facilitated by Judge Surrick with respect to consideration of Defendant's renewed motion to compel arbitration. Plaintiff contends that the production of an ink-signed copy of the Agreement, which first appeared in Defendant's response, (ECF 29), to Plaintiff's motion to deny Defendant's renewed motion, (ECF 25), required the Court to provide Plaintiff with a meaningful opportunity to test the supplemental evidence under Rule 26. Plaintiff moved to strike the evidence from this Court's consideration, which this Court denied. (*See* ECF 32, 37). Though Plaintiff is correct in that Rule 26(e) contemplates timely supplementation when a response is materially incomplete or incorrect, Plaintiff's baseless assertion that "once a new, separate formation document was introduced after the limited-discovery period, Plaintiff should have had a meaningful opportunity to test that evidence," (ECF 43, at 6), is incorrect.

Rule 37(c)(1) provides, in relevant part, that "[i]f a party fails to provide information or identify a witness as required by Rule 26[] . . . the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37. In evaluating whether a violation of the discovery rules warrants

the exclusion of evidence, the Third Circuit has instructed courts to consider five factors: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified or the excluded evidence would have been offered; (2) the ability of that party to cure the prejudice; (3) the extent to which allowing such witnesses or evidence would disrupt the orderly and efficient trial of the case or of other cases in the court; (4) any bad faith or willfulness in failing to comply with the court's order; and (5) the importance of the excluded evidence. *Accurso v. Infra-Red Servs., Inc.*, 169 F. Supp. 3d 612, 616 (E.D. Pa. Jan. 14, 2016) (quoting *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012)) (internal quotation marks omitted). Generally, "[e]xclusion is an extreme sanction . . . ." *Id.*

Here, Plaintiff was not prejudiced by the introduction of the ink-signed copy of the Agreement, as Plaintiff has never denied entering into the Agreement but merely attempts to discredit the validity of the agreement. (*See, i.e.,* ECF 31) ("Plaintiff has no recollection of accepting an arbitration agreement and has denied ever using that email address in 2019 . . . .). Accordingly, without considering the ink-signed copy of the Agreement, this Court is still able to find the Agreement enforceable. Thus, the first factor weighs against exclusion.

As this Court noted in its Order denying Plaintiff's motion for sanctions, "Plaintiff has had the opportunity to conduct discovery to support his arguments and theories in opposition to the motion to compel arbitration, (*see* Order, ECF 23), and has failed to present any credible evidence to support of his arguments." (ECF 39). Furthermore, as this Court has found that Plaintiff was not prejudiced by the evidence, there is no need for Plaintiff to cure any prejudice. Therefore, the second factor weighs against exclusion.

Admission of the evidence did not disrupt the orderly and efficient trial of the case or of other cases in this Court. As mentioned, this Court would have been able to grant Defendant's

renewed motion to compel arbitration without considering the contested evidence. Thus, this evidence had no impact on the order and efficiency of this case, so the third factor weighs against exclusion.

Defendant did not exhibit bad faith in failing to comply with the discovery deadline set by Judge Surrick. In fact, upon realizing that additional time was needed to comply with their continuing duty to supplement responsive evidence, Defendant timely moved for extension of time to respond to Plaintiff. (ECF 26). For good cause shown, the order was granted. (ECF 27). Factor four weighs against exclusion as there is no indication of bad faith.

Finally, although the weight of the disputed is not prejudicial, the evidence is still important to maintain on the record. Although this Court can find the Agreement to be enforceable without the ink-signed copy and need not consider it for purposes of compelling arbitration, it may become more relevant should the case continue to progress after arbitration. For the sake of maintaining a complete factual record for any potential later stage of the case, the fifth factor weighs against exclusion.

Because there is no authority to support Plaintiff's assertion that he was entitled to reciprocal discovery, and because this Court concludes that each of the five factors militates against exclusion, the Order denying Plaintiff's motion to strike, (ECF 37), is proper as a matter of law. Plaintiff has failed to identify any clear error of fact or law, new evidence, or intervening change in the law that would warrant reconsideration of this Court's denial of his motion to strike.

*c. Claim G: Request for Sanctions*

Lastly, Plaintiff mischaracterizes the Order that denied his motion for sanctions. In his motion for reconsideration, Plaintiff argues that this Court denied his motion on procedural

grounds and failed to address his claims under 28 U.S.C. § 1927.[3] (ECF 43, at 7). However, Plaintiff's motion for sanctions does not seek sanctions under any statutory authority beyond Rule 11, nor does it cite to § 1927 in support of his request. (ECF 30). Furthermore, whereas Plaintiff contends that this Court denied his motion for sanctions for failure to comply with a "Rule 11(c)(2) . . . separate-motion and 21-day safe harbor requirement[,]" (ECF 43, at 7), this Court notes that such language, similarly, does not appear within this Court's prior Order. (*See* ECF 39). In fact, this Court was clear in that the request for sanctions was inappropriate under the specific circumstances of the case, *i.e.* the merits. Accordingly, the Order denying sanctions is proper and Plaintiff has failed to show an error warranting reconsideration.

### *II. Plaintiff's Motion for Certification of Interlocutory Appeal*

In the alternative, Plaintiff requests certification for an interlocutory appeal under 28 U.S.C. § 1292(b). (ECF 43, at 8). Certification of an interlocutory appeal should be granted sparingly and only in exceptional circumstances. *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 208 (D.N.J. 1996), aff'd 141 F.3d 1154 (3d Cir. 1998) (citation omitted). By its terms, § 1292(b) sets exacting standards for certifying an interlocutory appeal. Specifically, it directs district judges to certify interlocutory appeals only when an "order involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and . . . [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). However, § 16 of the FAA governs appellate review of arbitration orders, *Green Tree Fin. Corp.-Ala. v.*

---

[3] Plaintiff's claim is belied by the record and misrepresents his prior filings. The nature of the misrepresentations suggests that Plaintiff may have used generative artificial intelligence to draft his filing without checking the accuracy of the information produced. It is possible that such a discrepancy is due to human error. Regardless, Plaintiff improperly submitted a filing with false factual representations. We admonish plaintiff for fabricating and misrepresenting the record. This is an abuse of the judicial process, and one which we do not take lightly. Any further filings that mischaracterize the record or a legal authority, may be stricken or result in additional appropriate corrective action.

*Randolph*, 531 U.S. 79, 84 (2000), and explicitly prohibits interlocutory appeals from orders "compelling arbitration." *See* 9 U.S.C. § 16(b)(3); *Zhuang v. EMD Performance Materials Corp.*, 2023 WL 4578793, at *1 (3d Cir. 2023) (denying review for lack of FAA appellate jurisdiction). When a district court compels the parties to proceed to arbitration *and dismisses the case*, that order is final and immediately appealable. *See Green Tree*, 531 U.S. at 86-89. Here, this Court has not entered a final dismissal order but has instead stayed the case pending arbitration. (ECF 38). Accordingly, there are no grounds for a certification. To the extent that Plaintiff is moving for certification of appealability of the order compelling arbitration, the motion is denied.

**CONCLUSION**

For the reasons set forth, this Court finds the motion to reconsider untimely filed and further finds no "sound rationale" to depart from the Local Rules 7.1(g) requirement. Further, the motion to reconsider is denied on the merits. Accordingly, Plaintiff's related motions for leave to file the supplemental memorandum in support of his motion for reconsideration, (ECF 42), and for leave to file a reply, (ECF 46), are denied, as moot. Lastly, to the extent that Plaintiff moves to certify an appeal of the order compelling arbitration, the motion is denied because such an appeal would violate 9 U.S.C. § 16(b)(3). An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.